UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUSION CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> 33.3 TACTICAL, LLC, et al. <br><br> Defendants. | Case No.: 19-CV-1658-CAB-LL <br><br> **ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> **[Doc. Nos. 17, 18]** |

This matter comes before the Court following a review of Plaintiff Evolusion Concepts, Inc.'s ("Evolusion") Response to Order to Show Cause, Motion for Default Judgment, Motion to File Documents Under Seal, and Amended Complaint. [Doc. Nos. 16, 17, 18, 19.]

On February 6, 2020, the Court ordered Evolusion to show cause on or before February 20, 2020, why this matter should not be dismissed for failure to move for default judgment against Defendant 33.3 Tactical, LLC ("33.3 Tactical"). [Doc. No. 15.] On February 20, 2020, Evolusion filed its response and concurrently filed its motion for default judgment, a motion for leave to file under seal, and an amended complaint to include 33.3 Tactical's managers and members, Allison Copeland and Craig Copeland as individual defendants.

"[A]fter amendment the original pleading no longer performs any function and is 'treated therefore as non-existent.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

1992).  The Court cannot enter a default based on a complaint that is no longer operative. *See Brewer v. Grossbaum*, No. 2:12-cv-1555 WBS DAD P, 2014 WL 119233, at *1 (E.D. Cal. Jan. 9, 2014) (denying entry of default based on original complaint because plaintiff had filed an amended complaint); *Banks v. ACS Educ.*, No. 10cv1886-BTM (CAB), 2011 WL 811601, at *2 (S.D. Cal. Mar. 2, 2011) (same); *see also Anderson v. CitiMortgage, Inc.*, No. 11-00583 DAE-RLP, 2011 WL 6301739, at *1 (D. Haw. Nov. 25, 2011) adopted by 2011 WL 6301427 (D. Haw. Dec. 16, 2011) (collecting cases).

Although it appears Evolusion is not amending or adding any claims from the original complaint, cases should be decided on their merits whenever possible, and by filing the amended complaint Evolusion has nullified its original complaint.  Accordingly, Evolusion's motion for default judgment is **DENIED as moot** with leave to renew if Evolusion obtains entry of default on the amended complaint.  Additionally, the Entry of Default as to 33.3 Tactical was entered by the Clerk of Court based on 33.3 Tactical's failure to respond to the original complaint. [Doc. No. 14.]  Because the original complaint is a nullity, it is hereby **ORDERED** the Clerk of Court shall set aside the Entry of Default as to 33.3 Tactical.

Furthermore, Evolusion's motion to file under seal the motion for default judgment is likewise **DENIED as moot**.  The Court notes that it would not find compelling reasons to permit the identified information to be filed under seal.  Evolusion indicates it moved to file under seal information pertaining to 33.3 Tactical's sales information "[o]ut of an abundance of caution."  33.3 Tactical has thus far failed to defend itself in this case.  The Court is not persuaded that a designation of confidential and attorneys' eyes only warrants a need to seal 33.3 Tactical's sales information.

It is **SO ORDERED.**

Dated:  February 21, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge